**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 21-4206

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARD STEVEN BOYD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:20-cr-00287-TDS-1)

Submitted:  October 14, 2021                          Decided:  October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Steven Boyd pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Boyd to 76 months' imprisonment. On appeal, Boyd argues that his sentence is procedurally and substantively unreasonable. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

Boyd argues that his sentence is procedurally unreasonable because the district court failed to explain its chosen sentence or its rejection of his arguments in mitigation. "As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). The district court's explanation "should provide some indication . . . that the court considered the § 3553(a) factors and applied them to the particular defendant, and

2

also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* (citations and internal quotation marks omitted). "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id.* at 213. After reviewing the record, we conclude that the district court sufficiently explained the chosen sentence and its rejection of Boyd's mitigating arguments. We therefore hold that his sentence is procedurally reasonable.

If we find no significant procedural error in a defendant's sentence, we "then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal quotation marks omitted). "A major departure should be supported by a more significant justification than a minor one," *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019), and "the farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be," *id.* at 220 (brackets and internal quotation marks omitted). However, we still "must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole,

justify the extent of the variance." *Id.* at 217 (brackets and internal quotation marks omitted).

The district court thoroughly discussed the § 3553(a) factors and concluded that, even in light of Boyd's personal history, an above-Guidelines sentence was necessary to account for the severity of the offense conduct and the extent of his criminal history. Thus, affording the district court's sentencing determination the requisite deference, we reject Boyd's argument that the district court's decision to vary upward from a 51-to-63-month Guidelines range sentence to a 76-month sentence was substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*